IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:12-513-JFA |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| ANTWAIN BRISBON | ) | |
| _____ | ) | |

This matter is before the court on the defendant's *pro se* motion for a reduction in his sentence pursuant to the First Step Act of 2018[1] (ECF No. 3675). The defendant requests that his term of supervision be reduced because his prior drug offenses can no longer be used to enhance his sentence under 21 U.S.C. § 841(b)(1)(C).

The government has responded in opposition, arguing that the defendant was not convicted under a "covered offense" and therefore, he is not eligible for relief under the First Step Act. The defendant did not reply to the government's response.

The court has carefully considered the record before it and conducted an individualized analysis of the facts and issues raised by the parties. For the reasons which follow, the defendant's motion is denied.

STANDARD OF REVIEW

A "court may not modify a term of imprisonment once it has been imposed" unless "expressly permitted by statute." 18 U.S.C. § 3582(c). The relevant statutes here are the Fair Sentencing Act and the First Step Act. In 2010, Congress enacted the Fair Sentencing Act,

---

[1] Pub. L. 115-015 (S. 756), 132 Stat. 015 (Dec. 21, 2018).

1

Pub. L. No. 111-220, 124 Stat. 2372, which reduced the sentencing disparity between crack cocaine and powder cocaine offenses by increasing the drug quantity required to trigger mandatory minimum sentences for crack cocaine offenses. *See Dorsey v. United States*, 567 U.S. 260, 263-64, 269, 132 S.Ct. 2321 (2012). But the Fair Sentencing Act was not retroactive and applied only to defendants who had been sentenced after August 3, 2010. *Id*. at 273, 132 S.Ct. 2321.

In 2018, the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 ("the First Step Act"), made the provisions of the Fair Sentencing Act applicable to those defendants convicted of "covered offenses" and sentenced before August 3, 2010.

The First Step Act thus authorizes a court to only alter sentences for "covered offenses." *See Dillon v. United States*, 560 U.S. 817, 825, 130 S.Ct. 2683 (2010) (interpreting the language "may reduce the term of imprisonment" in § 3582(c)(2) not to "authorize a sentencing or resentencing proceeding," but providing for a "modification of a term of imprisonment") (cleaned up).

PROCEDURAL HISTORY

The defendant was one of 39 defendant named in a 137-Count Superseding Indictment filed in the District of South Carolina in January 2013 charging them with conspiracy to engage in racketeering activity in violation of 18 U.S.C. § 1961(1) and multiple acts involving state offenses chargeable under South Carolina state law. Count 1 charged that the racketeering activity included murder, distribution and possession with intent to distribute and trafficking in controlled substances (cocaine, cocaine base, marijuana, heroin, and

others), and robbery, as well as wire fraud, obstruction of justice, witness tampering, sex trafficking, Hobbs Act robbery, interstate travel in aid of racketeering, and interstate transportation for prostitution, in violation of federal law. All of the defendants named in the Superseding Indictment were members of the United Blood Nation also referred to as the Bloods street gang. The remainder of the Superseding Indictment charged various controlled substance offenses, Hobbs Act robbery, federal firearms offenses, and other serious crimes. The defendant was named in Counts 1, 10, 19, 20, and 122.

In August 2012, the government filed an Information pursuant to 21 U.S.C. § 851 based upon the defendant's three prior felony drug convictions.[2]

Pursuant to a written Plea Agreement (ECF No. 1279), the defendant pleaded guilty to Count 19 (possession with the intent to distribute a quantity of cocaine within 1,000 feet of a park including a public playground, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860); and Count 122 (knowingly using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)).

The Presentence Report (PSR) (ECF No. 1760) determined that the defendant's base offense level was 35 and his criminal history category was VI which yielded a Guideline sentencing range of 292 to 365 months, plus 60 months for the gun charge.

---

[2] Those convictions include: (1) January 20, 2006: Possession of Methamphetamine or Cocaine Base, 1st Offense, Richland County General Sessions Indictment Number 06-GS-40-4584. Arrest Date: May 17, 2005. Sentenced to 3 years concurrent, credit for time served. (2) January 20, 2006: Possession of Methamphetamine or Cocaine Base, 1st Offense. Richland County General Sessions Indictment Number 06-GS-40-8456. Arrest Date: August 24, 2005. Sentenced to 3 years concurrent, credit for time served. (3) February 14, 2012: Possession of Methamphetamine or Cocaine Base, 1st Offense. Richland County General Sessions Indictment Number 11-GS-40-3180. Arrest Date: December 31, 2010. Sentenced to 3 years incarceration and $5000.00 fine, suspended upon 3 years probation.

This court sentenced the defendant to 140 months on Count 19 and 60 months on Count 122—the low end of the Guideline range. Because the defendant violated 21 U.S.C. § 860 for distributing crack near a playground, his 6 year term of supervision was increased to 12 years.

On February 17, 2021, this court further reduced the defendant's sentence to 104 months on Count 19, plus the original 60 months on Count 122, for a total sentence of 164 months. The defendant was released from his term of incarceration on September 20, 2024.

DISCUSSION

The defendant asserts that his prior felony drug convictions used to enhance his sentence are not applicable after passage of the First Step Act. He contends that the First Step Act now requires the convictions to be serious drug felonies before they can be used to enhance his sentence.

As the government correctly points out in its response in opposition, the defendant was convicted under 21 U.S.C. § 841(b)(1)(C) which is not a "covered" offense,[3] thus he is not eligible for relief under the First Step Act. The government suggests that as a result, this court does not have jurisdiction to review the defendant's motion and reduce his term of supervision from 12 years to 6 years as he requests.

---

[3] The First Step Act of 2018 defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." The First Step Act made retroactive portions of the Fair Sentencing Act of 2010. The Fair Sentencing Act did not expressly amend § 841(b)(1)(C) so it is not a "covered offense."

4

The defendant was not convicted of a crime which carried a mandatory sentence; he was convicted of violating 21 U.S.C. § 841(b)(1)(C). In *Terry v. United States*, 141 S.Ct. 1858, 1862–64 (2021), the Court held that "in light of the clear text, we hold that § 2(a) of the Fair Sentencing Act modified the statutory penalties only for subparagraph (A) and (B) crack offenses—that is, the offenses that triggered mandatory-minimum penalties." Accordingly, the defendant is not entitled to relief under the First Step Act.

## CONCLUSION

After carefully considering the applicable law, the arguments of the parties, and the record before it, the court concludes that the defendant is not eligible for a reduction in his sentence under the First Step Act. This is because the defendant was not convicted of a "covered offense" and, under *U.S. v. Terry*, this court does not have the authority to grant a motion for a non-covered offense. Accordingly, the defendant's motion (ECF No. 3675) is dismissed.

IT IS SO ORDERED.

February 24, 2025　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　United States District Judge